Charles E. **ROLADER**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 98–195 C.

United States Court of Federal Claims.

Jan. 27, 1999.

---

Eugene R. Fidell, Washington, D.C., with whom were David P. Sheldon and Mary Price, for plaintiff.

Matthew D. Lee, U.S. Department of Justice, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, Assistant Director James M. Kinsella, U.S. Department of Justice, Washington, D.C., and Major Steven J. Ehlenbeck, Air Force Legal Services Agency, Arlington, Virginia, of counsel, for defendant.

## OPINION

BRUGGINK, Judge.

This military pay case concerns the interaction between 10 U.S.C. § 624 (1994), the provision authorizing promotion delays for a period of up to eighteen months, and 10 U.S.C. § 629 (1994), which authorizes the President to remove the name of an officer from a promotions list. Plaintiff, a retired Lieutenant Colonel of the United States Air Force ("Air Force"), contends in Count I of his complaint that he has a legal right to his promotion because his name was not re-moved from the promotions list prior to the expiration of a delay action. In the alternative, plaintiff asserts in Count II that his name should not have been removed because a letter of reprimand ("LOR") regarding his conduct was declared void. Defendant filed a motion to dismiss Count II for failure to state a claim upon which relief can be granted under RCFC 12(b)(4) and a motion for judgment on the administrative record pursuant to RCFC 56.1 as to Count I on the basis that the delay action was still valid at the time of removal. Plaintiff filed a cross-motion for judgment on the administrative record. Oral argument was held on November 4, 1998. For the reasons explained below, plaintiff's motion is granted and defendant's motions are denied.

## FACTS

Plaintiff, Charles E. Rolader, enlisted in the Air Force in 1960. He was commissioned in 1970, following Officer Training School at Lackland Air Force Base, Texas and eventually promoted to Lieutenant Colonel. In 1991, he was selected for promotion to Colonel. His nomination was forwarded to the Senate for confirmation by the President. In 1992,[1] plaintiff was confirmed and given a scheduled promotion date of July 1, 1992.

On January 21, 1992, the Air Force Office of Special Investigations instituted an investigation of plaintiff based on allegations of travel fraud, housing allowance fraud, and acceptance of gratuities from government contractors. Later, the investigation was expanded to include allegations of official government telephone abuse and adultery.

On May 8, 1992, plaintiff was notified that action had been initiated to delay his promotion for six months beyond his promotion effective date pursuant to 10 U.S.C. § 624 (hereinafter "Section 624").[2] On June 3, 1992, approval was granted by the commander of the Headquarters Air Force District of

---

1. The precise date of conformation does not appear in the record.

2. Section 624(d)(1)(B) allows delay of an officer's promotion if "an investigation is being conducted to determine whether disciplinary action of any kind should be brought against the officer." Section 624(d)(4) sets a limit to the maximum amount of time in which an officer's promotion may be delayed at 18 months past the officer's original effective promotion date.

Washington ("headquarters") to delay his promotion until December 31, 1992. Plaintiff was then informed on November 5, 1992, that his promotion delay was to be extended for an additional six months so that it would expire on June 30, 1993. The last day to which plaintiff's promotion could lawfully have been delayed under Section 624(d)(4) was December 31, 1993.

On May 10, 1993, plaintiff received a letter of reprimand ("LOR"). The LOR indicated that plaintiff had committed several violations of law including improper acceptance of gratuities from government contractors, misuse of government telephones, and adultery. On May 27, 1993 Colonel Steven B. Richards, the commander at Bolling Air Force Base, wrote plaintiff to inform him that "I have recommended that you be removed from the CY91 Colonel Promotions list. Your case file has been forwarded to HQ AFMC/DPMAJB for staffing to the Secretary of the Air Force for Approval." This letter did not inform plaintiff of the basis for such a recommendation.

On June 7, 1993, plaintiff responded to Col. Richards' May 27, 1993 letter: "I have previously submitted matters related to the allegations ... [in] the letter of reprimand.... I now intend to focus directly on the promotion removal action and raise new matters that were not previously relevant."

By letter dated June 10, 1993, Col. Richards again wrote to plaintiff:

[Your] file was forwarded to HQ AFMPC/ DPMAJB1, on May 27, 1993, to insure your promotion would continue to be delayed pending submission of information from you to me for my final consideration and decision.

2. Please forward the information you wish to be considered by SECAF to me for my final decision on whether or not to remove the delay of your promotion or go forward with a recommendation to SECAF that your name be removed from the CY91 Colonel Promotion List.

Also in the record is an Air Force transmittal slip, dated August 17, 1993, from Staff Sergeant Bernard C. Mayfield, Quality Force / Promotions Programs, requesting that Col.

Richards take "action" with regard to a proposed removal of Lt. Col Rolader from the promotions list:

"Recommendation

—Col Richards sign Atch 1 notifying Lt Col Rolader of his decision.

—Col Richards sign Atch 2 recommending Lt Col Rolader be removed from the promotion list."

The attachments referenced in this document are not in the record.

In a letter dated December 7, 1993, Col. Richards forwarded to headquarters rebuttal matters submitted by plaintiff. The letter also responds to plaintiff's submission:

2. After careful review of the matters submitted, I have determined there is a preponderance of evidence to support the allegations delineated in my decision to remove [Lt. Col. Rolader] from the promotion list.

3. This additional information is forwarded for inclusion with my 27 May 93 initial decision and case file for staffing to the Secretary of the Air Force IAW 36–89.

This is the earliest-dated relevant correspondence between Col. Richards and headquarters.

On January 19, 1994, the Deputy Staff Judge Advocate ("SJA") at headquarters prepared an analysis of the sufficiency of procedures in connection with the removal of plaintiff's name from the promotions list. The SJA determined that Col. Richards' May 27, 1993 letter to plaintiff did not follow the format for initiating removal recommendations prescribed by Air Force Regulation ("AFR") 36–89. The SJA found that the letter did not notify plaintiff that Col. Richards was initiating action to recommend to the Secretary of the Air Force ("SECAF" or "Secretary") that plaintiff's name be removed from the promotions list. It only referred to the action as already having been recommended. It also failed to specify the grounds for the removal recommendation and it failed to advise plaintiff of his procedural rights. Finally, the letter made no reference to any evidence supporting the purported action.

Notwithstanding noncompliance with AFR 36–89, the SJA determined after examination

of the correspondence between plaintiff and his commander that plaintiff understood both that a removal action had been initiated and that he would have an opportunity to present matters in his defense. The SJA therefore concluded that due process requirements had been met.

On July 8, 1994, plaintiff's name was removed from the promotions list by the Secretary. This action took place more than twenty four months after plaintiff's original effective promotion date, and more than six months past the maximum period of delay the Air Force could have ordered under Section 624(d)(4). Plaintiff retired from the Air Force as a Lieutenant Colonel on February 29, 1996.

On January 30, 1997, plaintiff sought relief from the Air Force Board for Correction of Military Records ("Board" or "AFBCMR"). The AFBCMR voided the LOR and ordered it expunged from plaintiff's military record. The Board did not, however, order his promotion to Colonel. Plaintiff then filed suit here.

Plaintiff contends that he has a legal right to his promotion because his name was removed from the promotions list after of the expiration of the delay periods. He also contends that his name should not have been removed from the promotions list because the LOR underlying removal was declared void. Plaintiff seeks judgment for the active duty pay and allowances of a Colonel for his years of service from July 1, 1992 to March 1, 1996, less the pay and allowances he received for service as Lieutenant Colonel between those dates. He also seeks the retired pay of a Colonel from March 1, 1996, less the retired pay he has received since that date. In addition, plaintiff asks that all reference to the removal of his name from the promotions list from be stricken from his service record.

Defendant contends both that the Air Force properly and timely initiated the recommendation for removing plaintiff's name from the promotions list, and that the Secretary timely removed plaintiff's name from the list.

## DISCUSSION

The promotion of an officer may be delayed for cause pursuant to Section 624(d)(2). Section 624(d)(4), however, places limits on such a delay:

> An appointment of an officer may not be delayed under this subsection for more than six months after the date on which the officer would otherwise have been appointed unless the Secretary concerned specifies a further period of delay. An officer's appointment may not be delayed ... more that 18 months after the date on which such officer would otherwise have been appointed.

10 U.S.C. § 624(d)(4).

AFR 36–89 implements this statutory authority. A commander may initiate a delay to a promotion for not more than six months from the original effective date of the promotion. *Id.* § D ¶ 28c. The Secretary, however, may approve additional requests to extend a delay for up to six months at a time. The total delay, however, may continue only up to eighteen months past the original effective date of the promotion. *Id.*

Under 10 U.S.C. § 629 (1994) (hereinafter "Section 629"), Congress has granted authority to the President to remove an officer from a promotions lists. This authority has been delegated to the Secretary of the military department concerned. *See* Exec. Order No. 12,396, 47 Fed.Reg. 55,897, 55,898 (1982).

The confusion here is generated by provisions in the AFR which provide that if at any point during a delay period a removal recommendation is initiated, a promotion is automatically delayed until a decision is made on the removal action. *See* AFR 36–89 § D ¶¶ 28c, 30b. The Air Force permits this automatic delay to take precedence over what would otherwise be the absolute statutory eighteen month limit on delays. Defendant contends that this delay operates completely independently of the cumulative six-month delays and thereby serves as a source for unlimited postponement of a promotion.

It is worth noting at this point that the other services have not construed Section 624 to permit a removal recommendation to indefinitely extend the time within which de-

lays may continue. They construe sections 624 and 629 as operating in tandem, so that the eighteen month outer limit on delay precludes removal of a name after that point. Absent presidential action within eighteen months, promotion is automatic. *See* Navy Regulation SECNAVINST 1420.1A ¶ 23 (removal actions subject to the overall delay limitations stated in Section 624(d)(4)); Army Regulation 624–100, *Promotion of Officers on Active Duty,* Update, ch. 2–10(b) (disallowing delays more than eighteen months past an officers original effective promotion date).

Even under its own regulation, however, there is a problem with the Air Force's failure to promote plaintiff. The Government concedes that if no recommendation for removing plaintiff's name from the promotions list was initiated prior to July 1, 1993, he was automatically promoted, irrespective of the subsequent removal. Plaintiff's "original effective date" of promotion was July 1, 1992. This date was delayed twice to June 30, 1993. No further delay extensions were submitted to, or approved by, the Secretary. Therefore, plaintiff's name could only be removed from the list after June 30, 1993 if the indefinite delay made possible by AFR 36–89, § D ¶¶ 28c, 30b had been activated by virtue of a timely recommendation to remove him from the promotions list.

As an alternative ground, plaintiff urges the court to strike down the automatic delay provisions in AFR 36–89, § D ¶¶ 28c, 30b insofar as these provisions would make it possible to indefinitely extend the effective date of a promotion. Although the court has serious misgivings about the possibility of unlimited delay, it is unnecessary to decide whether Air Force regulations comply with Section 624(d), because the Air Force did not follow its own procedures in removing plaintiff's name from the promotions list.

Defendant conceded during oral argument that the removal process is initiated by a formal document to headquarters recommending removal of the name. In addition, AFR 36–89, § D ¶ 30b provides that: "The recommendation [for removal] must be initi-

ated and the officer informed, either orally or in writing, before the effective date of the promotion, unless the promotion has been delayed and the delay is in effect." Therefore, although the regulation is not specific, defendant agrees that the officer must be given written or oral notice of the grounds for the recommendation for removal.[3] It concedes that plaintiff's promotion was effective on June 30, 1993 unless, prior to this date: 1) Col. Richards sent a document to headquarters recommending removal of plaintiff's name from the promotions list; and 2) and plaintiff was informed of the specific grounds for the recommendation for removal. Defendant asserts that the evidence included in the administrative record supports the conclusion that the Air Force met these requirements. We do not agree.

Defendant has not produced any document prior to June 30, 1993 in which Commander Richards recommends to a higher authority that plaintiff's name be removed from the promotions list. Instead it asks the court to draw an inference from Col. Richards' May 27, 1993 letter to plaintiff, as well as from other documents, that the removal process was in fact initiated on May 27, 1993 and that plaintiff was informed of the basis for the proposal to remove his name.

The May 27, 1993 letter plainly does not satisfy either test. The letter is addressed to plaintiff, not SECAF, and it only informs him that Col. Richards has recommended that he be removed from the promotions list. The letter recites: "This is to inform you that I have recommended that you be removed from the CY91 Colonel Promotion List. Your case file has been forwarded to HQ AFMC/DPMAJB for staffing to the Secretary of the Air Force for Approval." There is no evidence that this letter was ever sent to headquarters.

In its decision, the AFBCMR adopted the analysis of the SJA, when it found that the May 27, 1993 letter did not conform to the requirements set forth in AFR 36–89, § D ¶ 30(b). In its analysis, the SJA wrote:

---

3. In its review of the plaintiff's claims, the Air Force found that AFR 36–89 requires that the officer be given notice of the specific grounds for

the recommendation for removal. The AFBCMR agreed with the Air Force's interpretation in consideration of plaintiff's application.

First, [the letter] does not notify the officer that the commander is initiating action to recommend to the Secretary of the Air Force that the officer's name be removed from the promotion list (here it refers to such action having already been recommended), it does not specify the basis or grounds for any recommended removal, it does not advise the officer of his rights in accordance with AFR 36–89 (including the right to submit matters in writing), and finally, it makes no reference to any attachment or other evidence in support of the purported action.

Admin.R. at 185 (emphasis in original). The court agrees.

Defendant next relies on plaintiff's June 7, 1993 letter to headquarters in which he requested a delay until August 2, 1993 in order to submit matters because his defense counsel was unavailable. Plaintiff stated: "I have previously submitted matters related to the allegations ... [in] the letter of reprimand.... I now intent to focus directly on the promotion removal action and raise new matters that were not previously relevant." Defendant asserts that this letter shows that plaintiff was aware of the grounds for Col. Richards' recommendation for removal. At most, however, this letter shows that plaintiff was aware of the basis for the May 10, 1993 LOR. Although plaintiff stated that he intended to address the grounds stated in the LOR, there is no indication in the letter that he had been informed specifically of the basis for removal.

Defendant also directs the court's attention to a letter dated June 10, 1993 in which Col. Richards provided plaintiff a copy of the case file forwarded to headquarters. In this letter, Col. Richards states:

The file was forwarded to HQ AFMPC/DPMAJB1, on May 27, 1993, to insure your promotion would continue to be delayed pending submission of information from you to me for my final consideration and decision.

2. Please forward the information you wish to be considered by SECAF to me for my final decision on whether or not to remove the delay of your promotion or go forward with a recommendation to SECAF that your name be removed from the CY91 Colonel Promotion List.

This letter is of no assistance to the defendant. Like the May 27 letter, it is not the initiating document for the removal of plaintiff's name from the promotions list. In fact, the letter suggests that Col. Richards is trying to decide whether to initiate a recommendation of removal. Nor does it provide plaintiff with notice of any particulars.

The August 17 transmittal slip is particularly compelling proof that nothing official had yet happened as of that date. In this document, Col. Richards is being asked to sign attachments "notifying Lt Col Rolader of his decision" to remove him from the promotion list and "recommending Lt Col Rolader be removed from the promotion list." Plainly, if that action had already been taken, the memo would have been unnecessary.

There being insufficient proof that the Air Force complied with its own regulations in initiating a recommendation of removal, we hold that the delay to plaintiff's promotion expired on June 30, 1993. Because plaintiff's name was not removed from the promotions list before that date, he was promoted by operation of law.

Although not necessary to the result, the court notes that it has serious misgivings about the enforceability of the automatic delay provisions in AFR 36–89. The effect of that regulation is to allow a relatively subordinate officer to initiate a delay that continues indefinitely. This seems inappropriate when one considers that a six-month delay extension requires the approval of the Secretary. The court is unwilling, in view of the draconian consequences attendant upon a recommendation of removal, to permit less than strict compliance with the Air Force regulations.

## CONCLUSION

Plaintiff was promoted to Colonel by operation of law. Accordingly, plaintiff's motion for summary judgment is granted and defendant's motions are denied. The parties are directed to consult and propose, by agreement if possible, the terms of judgment. A

joint status report will be filed on or before February 19, 1999.[4]

---

4. Air Force Regulation 36–89 ¶ 28g(1) states:

The officer's effective date of promotion and date of rank will be the date the officer would have been given if the delay action had not been taken, unless the SECAF determines that a preponderance of the evidence shows the officer was unqualified for promotion during part of the delay period.

If the parties cannot agree as to plaintiff's effective date of promotion and the amount of recovery, they shall propose a briefing schedule to resolve remaining issues.