**Jennifer NATION, Plaintiff,**

v.

**John H. DALTON, Secretary of the Navy, Defendant.**

**No. CIV.A 98–287 SSH.**

United States District Court, District of Columbia.

July 21, 2000.

Gary R. Myers, Washington, DC, for Plaintiff.

AUSA Daria J. Zane, Office of the United States Attorney, Washington, DC, for Defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court are plaintiff's motion for summary judgment, defendant's motion to dismiss or, in the alternative, for summary judgment, the parties' respective oppositions, and defendant's reply to plaintiff's opposition. Upon consideration of the entire record, the Court grants defendant's motion and denies plaintiff's motion. Although findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56, see Fed. R.Civ.P. 52(a); Summers v. Department of Justice, 140 F.3d 1077, 1079–80 (D.C.Cir. 1998), the Court nonetheless sets forth its reasoning.

## BACKGROUND

Plaintiff Jennifer Nation voluntarily retired from the United States Navy in 1997 as a lieutenant. In 1998, she filed a complaint against the Secretary of the Navy (the "Secretary"), alleging that she had been improperly removed from the fiscal year 1995 promotion list for lieutenant commander before she retired.

Plaintiff enlisted in the United States Naval Reserve in 1975. After she was appointed to active duty as a commissioned officer in 1984, she served as a supply officer at various posts until her retirement from the Navy. In 1986, she was promoted to the rank of lieutenant junior grade, and in 1988, she was promoted to the rank of lieutenant. Between June 1991 and June 1993, plaintiff served as a supply officer at the Seal Team FIVE command in Coronado, California. During

this period, between $9,000 and $12,000 worth of supplies were lost or stolen from the command's supply storeroom. A.R. II: 280; 344–47.[1] In June 1993, plaintiff was assigned to the Naval Reserve Cargo Handling Training Battalion in Williamsburg, Virginia. In November 1993, the United States Naval Criminal Investigation Service ("NCIS") initiated an investigation into the missing items from the Seal Team FIVE storeroom; plaintiff was considered a suspect. A.R. II: 365.

Plaintiff was selected for promotion to lieutenant commander in October 1994.[2] Her promotion was scheduled to take effect in May 1995. *See* Def.'s Mot. To Dismiss, Ex. B; A.R. II: 355. On April 4, 1995, the Bureau of Naval Personnel interposed an objection to her promotion because the NCIS investigation had concluded that there was sufficient evidence to initiate charges against plaintiff, and to convene a more formal pretrial investigation. A.R. II: 357. By letter dated April 6, 1995, plaintiff was notified that the Chief of Naval Personnel "ha[d] approved the delay of [her] 1 May 95 permanent promotion to lieutenant commander until all related administrative or disciplinary action [was] completed," and that her conduct might result in the removal of her name from the promotion list. A.R. II: 355. A subsequent pretrial investigation concluded that there was sufficient evidence to support charges of willful dereliction of duty and suffering military property, but insufficient evidence to support a charge of forgery. A.R. II: 280–81.

Plaintiff accepted nonjudicial punishment for her misconduct. On April 25, 1995, B.P. Neubeck, Commanding Officer, Naval Reserve Cargo Handling Training Battalion, administered a punitive letter of admonition, stating that plaintiff's actions showed that she was derelict in the performance of her duties. A.R. II: 66–67. Plaintiff did not appeal this letter. Thereafter, a Board of Inquiry was convened to require her to show cause for her retention in the Navy. On January 29, 1996, the three-member Board of Inquiry unanimously found that plaintiff had committed the offense of dereliction in the performance of duty, but unanimously recommended that she be retained in the Navy. A.R. II: 251–52. On May 1, 1996, the Chief of Naval Personnel formally notified plaintiff that she would be retained in the Navy.

Despite her retention in the Navy, plaintiff ultimately was removed from the promotion list for lieutenant commander. On January 23, 1996, the Assistant Secretary of the Navy for Manpower and Reserve Affairs (the "Assistant Secretary") ratified and extended the delay in plaintiff's promotion "as necessary in the public interest" until all relevant administrative and disciplinary proceedings were concluded. A.R. II: 254. On February 13, 1996, the Chief of Naval Personnel notified plaintiff that the Board of Inquiry's finding of misconduct might result in her removal from the promotion list. A.R. II: 19. On July 1, 1996, the Chief of Naval Personnel recommended that plaintiff's name be removed from the promotion list for fiscal

1. References to "A.R. I" and "A.R. II" are to volumes I and II of the Administrative Record, respectively.

2. Plaintiff's promotion was governed by the provisions in chapter 549 of title 10 of the United States Code, which have since been repealed. Pursuant to those provisions, the Secretary convened a selection board to consider eligible officers for a promotion. *See* 10 U.S.C. § 5893. The selection board would then submit a report recommending certain officers for a promotion. *See id.* § 5897. If the Secretary approved the report, *see id.*

§ 5898; Exec. Order No. 12605 (Aug. 13, 1987) *reprinted in* 10 U.S.C. § 5898, the officers recommended for a promotion were "considered as selected for promotion upon approval of the report by the President" and "placed on the promotion list for officers of their grade." 10 U.S.C. § 5902(a). An officer on the promotion list became eligible for his promotion "when the officer who [was] to be his running mate in the higher grade [became] eligible for promotion ...." *Id.* § 5902(b).

year 1995; the Assistant Secretary approved that recommendation on July 16, 1996. A.R. II: 7–8. The Secretary ratified plaintiff's removal from the list on December 11, 1996. *See* Sept. 20, 1999, Notice of Filing, Ex. 1.

Plaintiff brings her complaint under the Administrative Procedure Act, ("APA"), 5 U.S.C. § 701 *et seq.,* alleging that the Navy's denial of her promotion was arbitrary and capricious because it lacks a rational basis in the record and because the Board of Inquiry's "vote to retain [her] vitiated the impact of the non-judicial punishment and precluded denial of promotion." Compl. at 3. Plaintiff also alleges that her promotion was unlawfully delayed.[3] *See id.* at 4. The Secretary moves to dismiss plaintiff's complaint on the grounds that her claims are not justiciable and that her complaint fails to state a claim upon which relief can be granted. Alternatively, the Secretary moves for summary judgment on the ground that plaintiff's removal from the promotion list was lawful, and not arbitrary and capricious. Plaintiff has filed a cross-motion for summary judgment.

## DISCUSSION

### I. Whether Plaintiff's Claims Are Justiciable

 Any discussion of the justiciability of a challenge to military personnel decisions must begin with the Supreme Court's oft-quoted statement that:

[J]udges are not given the task of running the Army. The responsibility for setting up channels through which [complaints of discrimination, favoritism, and other objectionable conduct] can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate disci-

pline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.

*Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 97 L.Ed. 842 (1953). "The Constitution vests '[t]he complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force' exclusively in the legislative and executive branches." *Kreis v. Secretary of the Air Force,* 866 F.2d 1508, 1511 (D.C.Cir.1989) (quoting *Gilligan v. Morgan,* 413 U.S. 1, 10, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973)). Drawing on these principles, the Court of Appeals for this Circuit has held that a request for a retroactive promotion is not justiciable because it would require a court to "second-guess the Secretary's decision about how best to allocate military personnel in order to serve the security needs of the Nation." *Id.*

Acknowledging this precedent, plaintiff has abandoned her original request for a retroactive promotion, and now asks the Court to remand the decision on her promotion to the Secretary for further explanation. *See* Pl.'s Opp'n at 13–14. Stripped of their request for a retroactive promotion, her claims that the Secretary's decision was arbitrary and capricious, and unlawfully delayed, challenge the Secretary's decision-making process rather than the merits of his decision. In this vein, they are analogous to claims challenging the decision-making process of the Secretary in actions brought to correct military records. Under 10 U.S.C. § 1552(a)(1), "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice"; for the most part, the Secretary must make these

---

**3.** Although plaintiff does not set forth her allegations in separate counts, for analytical purposes the Court will treat her claim concerning her removal from the promotion list as separate from that concerning the delay in the Secretary's decision on her promotion.

corrections by convening and acting through a civilian board, typically known as a Board for the Correction of Military Records ("Board"). In *Kreis*, the plaintiff challenged a decision by the Secretary of the Air Force denying him a promotion, and also challenged the procedures used by the Secretary in denying his subsequent request for a correction of his military records under § 1552(a); with respect to the latter challenge, the plaintiff argued, *inter alia*, that the Secretary had applied an incorrect standard of relief in denying his records-correction request, and had not explained his departure from principles applied in past cases. *Kreis*, 866 F.2d at 1510–12. Although the claim seeking a retroactive promotion was not justiciable, the Court of Appeals concluded that the claims challenging the Secretary's decision-making process were justiciable:

> To grant the relief implicit in these claims would not require the district court to substitute its judgment for that of the Secretary regarding the allocation of military personnel in light of the security needs of the Nation. The court would only require the Secretary, on remand, to explain more fully the reasoning behind his decision and, with respect to his denial of a retroactive promotion, to apply the appropriate legal standard. The Secretary would remain free, following this reevaluation, to reaffirm his original determination to deny appellant further relief. In short, once we dispose of the request for a judicially ordered promotion, the review sought by appellant looks like nothing more than the normal review of agency action, in

which we require only that the agency exercise its discretion in a reasoned manner, but we defer to the agency's ultimate substantive decision.

*Id.* at 1512 (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)). In reaching this conclusion, the court also relied on the Supreme Court's decision in *Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), which "indicated that decisions by the [Navy Board] 'are subject to judicial review and can be set aside if they are arbitrary, capricious, or not based on substantial evidence.'" *Kreis*, 866 F.2d at 1512.

As *Kreis* makes clear, a claim challenging a records-correction decision is justiciable.[4] *See also Charette v. Walker*, 996 F.Supp. 43, 49–54 (D.D.C.1998) (reviewing claims that Army Board failed to expunge prejudicial document from servicewoman's file and failed to consider certain testimony in reaching decision); *Smith v. Dalton*, 927 F.Supp. 1, 8–10 (D.D.C.1996) (reviewing claims that Navy Board did not provide adequate explanation for decision or consider entire record). In this case, plaintiff does not assert a records-correction claim under § 1552(a). Nevertheless, the procedural nature of her claims renders them justiciable under the reasoning in *Kreis*. As discussed, plaintiff argues that the Secretary's denial of her promotion is not rationally supported by the record and was unlawfully delayed. Because adjudication of plaintiff's "claims requires the [Court] to determine only whether the Secretary's decision making process was deficient, not whether his de-

---

**4.** There is no requirement that a records-correction claim first be presented for review to an appropriate Board. Under *Darby v. Cisneros*, 509 U.S. 137, 154, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), exhaustion "is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." No such requirements exist in the context of records-correction claims under § 1552(a). *See Wilhelm v. Cald-*

*era*, 90 F.Supp.2d 3, 7 (D.D.C.2000); *Crane v. Secretary of the Army*, 92 F.Supp.2d 155, 161–63 (W.D.N.Y.2000).

The Secretary argues that plaintiff's claims are essentially records-correction claims and should be presented to the Navy Board for review, but concedes that exhaustion is not required under *Darby*. The Court, however, will not require plaintiff to submit her claims for review to the Navy Board in the absence of an exhaustion requirement.

cision was correct," it would not require the Court to substitute its judgment for that of the Secretary in the sensitive area of military personnel decisions. *Kreis*, 866 F.2d at 1511–12; *see also Adkins v. United States*, 68 F.3d 1317, 1323 (Fed.Cir. 1995) ("although the merits of a decision committed wholly to the discretion of the military are not subject to judicial review, a challenge to the procedure followed in rendering a military decision may present a justiciable controversy"). Accordingly, the Court concludes that plaintiff's claims are justiciable.

## II. Whether Plaintiff's Claims Are Reviewable Under the APA

■ The APA provides that final agency action is subject to judicial review unless precluded by statute, or unless the action is committed to agency discretion by law. *See* 5 U.S.C. §§ 701(a), 704. The Secretary argues that plaintiff's claims are not reviewable under the APA because promotion decisions are committed to his discretion under authority delegated to him by the President.[5] The Court agrees, but only with respect to plaintiff's claim challenging the basis of the Secretary's decision.

■ "A particular type of action is within the agency's unreviewable discretion if the statute authorizing it is 'drawn in such broad terms that in a given case there is no law to apply.'" *Kreis*, 866.F.2d at 1513

(citing *Overton Park*, 401 U.S. at 410, 91 S.Ct. 814). In this case, the Secretary's authority to delay a reserve officer's promotion was governed by 10 U.S.C. § 5902(d) (repealed), which provided that:

> The promotion of an officer of the Naval Reserve ... who is under investigation or against whom proceedings of a court-martial or a board of officers are pending may be delayed by the Secretary of the Navy until the investigation or proceedings are completed. However, the promotion of an officer may not be delayed under this subsection for more than one year after the date he is selected for promotion unless the Secretary determines that a further delay is in the public interest.[6]

The Court finds that § 5902(d) is not drawn in such broad terms that there is no law to apply because it states that promotions may not be delayed for more than one year. Although the statute gives the Secretary discretion to extend the delay when necessary in the public interest, plaintiff does not challenge the entry of a public interest finding here, as she argues that no such finding was ever made. *See* Pl.'s Opp'n to Def.'s Mot. at 12–13. Regardless of whether the actual public interest finding is committed to the Secretary's discretion by law, the Court concludes that the requirement of this finding in order to extend a promotion delay is not.

---

**5.** The Secretary also argues that his removal of plaintiff from the promotion list is not reviewable because it was a "delegated Presidential action[ ] not subject to the APA," relying on *Dalton v. Specter*, 511 U.S. 462, 469, 114 S.Ct. 1719, 128 L.Ed.2d 497 (1994). The Secretary's argument is meritless. In *Specter*, the Supreme Court held that a challenge to a recommendation to close a military base by the Secretary of Defense and an independent Commission was not reviewable under the APA because it was not "final agency action"—the decision on whether to close the base ultimately was taken by the President. 511 U.S. at 469, 114 S.Ct. 1719. And, because the President is not an "agency" under the APA, the Court also held that his decision to close the base was not reviewable. *Id.* at 469–70, 114 S.Ct. 1719. In this case, howev-

er, the President does not review the Secretary's removal of officers from the promotion list, and does not otherwise retain any role in the removal process. *Specter* is therefore inapposite.

**6.** Section 5902 was repealed effective October 1, 1996. The Secretary's authority to delay promotion of a reserve officer is now governed by 10 U.S.C. 14311(d), which states, in relevant part, that "[t]he appointment of an officer to a higher grade may not be delayed [because of an on-going investigation] for more than six months after the date on which the officer would otherwise have been promoted unless the Secretary concerned specifies a further period of delay."

By contrast, the removal of a reserve officer from a promotion list is committed to the Secretary's discretion by law. The Secretary's authority to remove plaintiff from the promotion list derived from 10 U.S.C. § 5905, by virtue of authority delegated to him by the President. *See* Exec. Order No. 12799 (April 7, 1992), 57 Fed. Reg. 12401.[7] Section 5905(a) states: "The President may remove the name of any reserve officer from a promotion list established under this chapter. Such action may be taken at any time before the promotion of the officer."[8] This provision places no limitation on the Secretary's authority to remove an officer from a promotion list prior to a promotion, and provides no standard by which to evaluate the Secretary's exercise of his removal authority. *Cf. Sargisson v. United States*, 913 F.2d 918, 921 (Fed.Cir.1990) (statute permitting Secretary of Air Force to release reservist from active duty "at any time" did not impose a "procedural or substantive limitation" on Secretary's discretion). By contrast, cases finding agency action reviewable under the APA rely on the presence of some standard emanating from the statutory language or overall statutory scheme to guide a court's evaluation of agency action. *See, e.g., Dickson v. Secretary of Defense*, 68 F.3d 1396, 1400–04 & n. 8 (D.C.Cir.1995) (determination by Army Board that waiver of limitations periods was not "in the interest of justice" was reviewable; Board was not "given unfettered and standardless discretion"); *Robbins v. Reagan*, 780 F.2d 37, 45 (D.C.Cir. 1985) ("Even when there are no clear statutory guidelines, courts often are still able to discern from the statutory scheme a congressional intention to pursue a general goal."). In this vein, a decision on a rec-

ords-correction claim under § 1552(a) is not committed to agency discretion by law because the Secretary's authorization to act "when he considers it necessary to correct an error or remove an injustice" supplies a standard by which to evaluate whether the Secretary's decision was arbitrary and capricious. *See Kreis*, 866 F.2d at 1513–15. As noted, however, plaintiff has declined to assert a records-correction claim under § 1552(a). *See* Pl.'s Mem. in Support of Mot. at 7–8. The absence of any standard in the context of § 5905(a) renders the Secretary's decision removing plaintiff from the promotion list unreviewable under the APA.

### III. Substantive Review Under the APA

■ Because this case involves a review of the administrative record, and the parties agree that there is no genuine issue as to any material facts, *see* Pl.'s Mem. in Opp'n at 1–2; Def.'s Resp. to Pl.'s Statement of Material Facts at 1, summary judgment on plaintiff's remaining claim that her promotion was unlawfully delayed is appropriate. *See* Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ The Secretary was authorized to delay plaintiff's promotion to lieutenant commander under 10 U.S.C. § 5902(d) because she was under investigation in connection with the missing supplies from the Seal Team FIVE storeroom. As discussed, however, § 5902(d) limited the length of that delay to one year from the date on which she was selected for promotion, unless the Secretary determined that further delay was in the public interest.[9] Thus, her selection for promotion in

---

7. Although Executive Order 12799 delegates removal authority to the Secretary of Defense, it also states that this authority may be redelegated to the Secretary. Plaintiff does not challenge the Secretary's authority to remove her from the promotion list.

8. Section 5905 was repealed effective October 1, 1996, and replaced by 10 U.S.C.

§ 14310(a), which states that: "The President may remove the name of any officer from a promotion list at any time before the date on which the officer is promoted."

9. Plaintiff originally argued that the delay in her promotion was governed by Secretary of the Navy Instruction ("SECNAVINST") 1420.1A, which limits the length of a pro-

October 1994 barred a delay of her promotion beyond October 1995. Because the Assistant Secretary did not remove her from the promotion list until July 16, 1996, and the Secretary did not ratify that removal until December 11, 1996, plaintiff argues that her promotion was unlawfully delayed. The Secretary counters that the delay in her promotion was not unlawful because on January 23, 1996, the Assistant Secretary ratified and extended the delay on the ground that it was "necessary in the public interest." A.R. II: 254. The Secretary contends that the three- to four-month lag between the expiration of the one-year deadline and the extension of the delay was at most a technical oversight. Plaintiff argues that the Assistant Secretary did not have any authority to make a public interest finding and extend the promotion delay under § 5902(d) because the Secretary never delegated this authority.

The Court agrees with plaintiff that her promotion was unlawfully delayed because the record does not indicate that the Assistant Secretary was delegated the authority to extend the delay in plaintiff's promotion by making a public interest finding. Nor does the record establish that the Secretary ever ratified the Assistant Secretary's finding. Moreover, even if the Assistant Secretary had the proper authority to make such a finding, he acted over three months after the one-year period had expired; while the Secretary characterizes this lag as a technical oversight, it still violated the limits set forth in § 5902(d).

 Nevertheless, plaintiff is not entitled to relief for this violation. First, "in general, the proper recourse for a party aggrieved by delay that violates a statuto-

ry deadline is to apply for a court order compelling agency action." *Gottlieb v. Pena,* 41 F.3d 730, 734 (D.C.Cir.1994). The Secretary's removal of plaintiff from the promotion list, however, renders this remedy moot. Second, plaintiff does not contend that the unlawful delay resulted in her promotion to the rank of lieutenant commander by "operation of law," and does not ask the Court to order a retroactive promotion. *See Rolader v. United States,* 42 Fed. Cl. 782, 785–87 (1999) (plaintiff automatically promoted under Air Force regulations because Air Force did not comply with regulations in initiating recommendation that plaintiff be removed from promotion list before permissible period of delay expired). Finally, a remand to the Secretary would not be appropriate at this point. Plaintiff received notice that her promotion was being delayed until all pending disciplinary action was completed in a letter from the Chief of Naval Personnel dated April 6, 1995, just two days after the Bureau of Naval Personnel had interposed an objection to her promotion. A.R. II: 355. Plaintiff was given an opportunity to address this delay, but declined to do so. A.R. II: 353. Moreover, when the Chief of Naval Personnel notified plaintiff in writing on February 13, 1996, that the Board of Inquiry's unanimous finding of misconduct might render her unqualified for a promotion, he afforded plaintiff an opportunity to submit a statement regarding her promotion, which she subsequently did through counsel. A.R. II: 16–19. Thus, the unlawful delay in plaintiff's promotion did not prejudice plaintiff's position with respect to her removal from the promotion list in a manner which the Court is

---

motion delay to six months from the date on which an officer would otherwise have been promoted. The Secretary contends that SEC-NAVINST 1420.1A does not apply to plaintiff's promotion. *See* Def.'s Mot. To Dismiss at 15–16; Def.'s Reply at 6–7. While not conceding this point, plaintiff does not challenge the Secretary's contention. *See* Pl.'s Mem. in Opp'n at 8. The Court will analyze plaintiff's claim under § 5902(d), but notes that analyzing the promotion delay under

SECNAVINST 1420.1A yields the same conclusion as analyzing it under § 5902(d). First, the delay violated SECNAVINST 1420.1A because the six-month period expired on November 1, 1995, without a proper extension of the delay. Second, the violation does not warrant remand of the promotion decision to the Secretary because plaintiff received sufficient notice of the delay and the Secretary has already rendered a decision on plaintiff's promotion.

now capable of redressing. *Compare Smith*, 927 F.Supp. at 8–10 (D.D.C.1996) (remanding case because Navy Board did not consider entire record or provide adequate explanation for decision); *see also Adkins*, 68 F.3d at 1325 (involving claims that Secretary considered evidence outside of the administrative record and that plaintiff was denied notice and opportunity to respond to evidence). Accordingly, the Court grants defendant's alternative motion for summary judgment on plaintiff's claim that her promotion was unlawfully delayed.

 Finally, even though the Secretary's removal of her name from the promotion list is not reviewable under the APA, assuming *arguendo* that it is, the Court would conclude that the Secretary is entitled to summary judgment. Plaintiff argues that "the record does not demonstrate any support for removing [her] from the promotion list" and that "[t]he reasoning behind the decision is not set forth with sufficient clarity." Pl's. Opp'n at 9. The Court disagrees. In reviewing agency action under the APA's arbitrary and capricious standard, a court "will not disturb the decision of an agency that has 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *MD Pharmaceutical, Inc. v. Drug Enforcement Admin.*, 133 F.3d 8, 16 (D.C.Cir.1998) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). The requirement that an agency provide a rational explanation for its action "does not mean that an agency's decision must be a model of analytic precision to survive a challenge. A reviewing court will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Dickson*, 68 F.3d at 1404 (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974)). The

Secretary's removal of plaintiff from the promotion list satisfies these standards.

First, the record establishes that she was removed from the list as a result of her misconduct relating to the missing supplies from the Seal Team FIVE storeroom. For example, in the April 6, 1995, letter informing plaintiff of the delay in her promotion, the Chief of Naval Personnel informed plaintiff that her alleged misconduct might lead to her removal from the promotion list. In a subsequent letter dated February 13, 1996, the Chief of Naval Personnel informed her that the Board of Inquiry's misconduct finding might render her unqualified for a promotion. Commander Neubeck elaborated on this rationale in a March 16, 1996, letter to the Chief of Naval Personnel (a copy of which plaintiff received) when he recommended that she be removed from the 1995 promotion list, explaining:

> Based on the presumption of innocence, no derogatory information regarding LT Nation's substandard performance or subsequent admission of guilt [in accepting nonjudicial punishment] was available to the selection board at the time it recommended her for promotion. Her record now reflects her performance preceding her eligibility for promotion and should be considered by the next LCDR Reserve Staff Corps Selection Board.

AR II: 14. Finally, the July 1, 1996, request for removing plaintiff from the promotion list, which the Assistant Secretary approved on July 16, 1996, emphasized that plaintiff had committed misconduct. In sum, the basis for plaintiff's removal is adequately explained in the record.

Second, the Court finds this explanation satisfactory, notwithstanding the absence of any standard in § 5905(a). *See supra* Part II. Although the record establishes that plaintiff otherwise provided exemplary service to the Navy throughout the course of her career, plaintiff's misconduct in connection with the missing supplies

from the Seal Team FIVE storeroom adequately supported the decision removing her from the 1995 promotion list because it bore on the quality of her performance as an officer. And, as Commander Neubeck indicated, this critical information was not considered by the board that originally selected her for a promotion. Nor did the Board of Inquiry's vote to retain her in the Navy ultimately "vitiate" the effect of the misconduct finding on her eligibility for a promotion, as plaintiff contends. Boards of Inquiry are convened for the purpose of making recommendations regarding an individual's separation from the military for cause, *see* SECNAVINST 1920.6A, Encl. 1 (Def.'s Mot. To Dismiss, Ex. C); whether an officer should be separated from the military and whether she should be removed from the promotion list present entirely distinct inquiries. In sum, assuming it is reviewable under the APA, the Secretary's removal of plaintiff from the promotion list was not arbitrary and capricious.

### CONCLUSION

For the foregoing reasons, the Court grants the Secretary's motion to dismiss or, in the alternative, for summary judgment, and denies plaintiff's motion for summary judgment. An appropriate Judgment accompanies this Opinion.

### *JUDGMENT*

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that judgment is entered in favor of defendant.

SO ORDERED.