**Evelyn L. LEWIS, Plaintiff,**

v.

**Donald RUMSFELD, Secretary, U.S. Department of Defense, et al., Defendants.**

**No. CIV. A. 00–2292(RMU).**

United States District Court, District of Columbia.

Aug. 15, 2001.

Eugene R. Fidell, Feldesman, Tucker, Leifer, Fidell & Bank LLP, Washington, D.C., Counsel for Plaintiff Lewis.

AUSA Claire Whitaker, Washington, D.C., Counsel for Defendants Rumsfeld, et al.

*MEMORANDUM OPINION*

URBINA, District Judge.

GRANTING THE DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss pursuant

to Federal Rules of Civil Procedure 12(b)(1) and (6). The defendants alternatively move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Evelyn L. Lewis ("the plaintiff" or "Commander Lewis"), brings this suit for damages under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* The plaintiff claims that her employer, the U.S. Department of Defense ("DOD"), acted arbitrarily and capriciously by issuing a regulation that bars her promotion to Commander status. Specifically, the plaintiff alleges that the Assistant Secretary of Defense's interpretation of Title 10 U.S.C. § 1094 is flawed because it requires all physicians to hold an unrestricted license, regardless of whether they provide direct patient care. *See* Compl. at 7–8. The defendants are Secretary of Defense Donald Rumsfeld, Acting Assistant Secretary of Defense J. Jarrett Clinton, and Secretary of the Navy Gordon R. England ("the defendants"), all named in their official capacities.

The defendants move to dismiss this action under Rule 12(b)(1) on the grounds that the court lacks subject-matter jurisdiction because the issue is not ripe and that the plaintiff failed to exhaust her administrative remedies. *See* Mot. to Dis. at 8–15. The plaintiff counters that the delay of her promotion is ripe because agency delay can be actionable. *See* Pl.'s Opp'n to Mot. to Dis. ("Pl.'s Opp'n") at 2. She argues that no further administrative action is necessary before the issue can be subject to judicial review. The defendants also move to dismiss under Rule 12(b)(6) on the ground that the DOD acted within its authoritative capacity when it issued its directive. *See* Mot. to Dis. at 17–20. Responding to this argument, the plaintiff contends that the DOD issued its directive without proper authority and therefore is not entitled to judicial deference. *See* Pl.'s Opp'n at 7–9.

For the reasons that follow, the court holds that because the statute that authorizes the Secretary of the Navy's delay of the plaintiff's promotion does not provide any standard for the Secretary's discretion, the decision is non-reviewable under the APA. The court also rules that the plaintiff has failed to exhaust her administrative remedies. Accordingly, the court will grant the defendants' motion to dismiss.

## II. BACKGROUND

Evelyn Lewis, M.D., a physician since 1983, is an active-duty Commander in the Navy Medical Corps. *See* Compl. at 5. She currently holds the position of Vice Chair in the Department of Family Medicine, and her responsibilities include administration, instruction and research. *See id.* at 6. She does not provide direct patient care. *See id.* President Clinton nominated Commander Lewis for promotion to Captain status on April 21, 1999, and the Senate confirmed her the same year. *See id.* at 5. Commander Lewis holds a restricted medical license from the State of Oklahoma. *See* Mot. to Dis. at ¶ 2–4. The restricted license allows her to practice medicine only in federal facilities. *See id.*

Although she was to be promoted on August 1, 2000, Navy personnel delayed Commander Lewis's promotion on June 27, 2000. *See* Compl. at 7; Mot. to Dis. ¶ 13. On or about September 7, 2000, the Navy informed her that because she failed to meet the unrestricted license requirements of 10 U.S.C. § 1094, her promotion would be delayed for 18 months. *See* Compl. at 9; Mot. to Dis. ¶ 15. The Navy also informed her that if she does not obtain an unrestricted license by the end of this period, the Chief of Naval Personnel will recommend that her name be re-

moved from the promotion list. *See* Compl. at 9–10. If she obtains her license, however, her promotion will take effect. *See* Defs.' Reply to Pl.'s Opp'n ("Reply") at 2.

On July 20, 1995, the Deputy Secretary of Defense issued DOD Directive 6025.13, which interpreted the language of 10 U.S.C. § 1094 to mean that health-care practitioners must possess and maintain unrestricted licenses before practicing. Practitioners who do not possess a license can practice under a written plan of supervision with a licensed person of the same discipline. *See* DOD Directive 6025.13 ¶ 4.1.4.1.

As amended effective October 1, 1999, section 1094(a)(1) provides:

> A person under the jurisdiction of the Secretary of a military department may not provide health care independently as a health-care professional under this chapter unless the person has a current license to provide such care. In the case of a physician, the physician may not provide health care as a physician under this chapter unless the current license is an unrestricted license that is not subject to limitation on the scope of practice ordinarily granted to other physicians for a similar specialty by a jurisdiction that granted the license.

10 U.S.C. § 1094(a)(1). On January 29, 1999, Dr. Sue Bailey, then the Assistant Secretary of Defense, issued a memorandum interpreting the language of the newly amended 10 U.S.C. § 1094. Dr. Bailey's memorandum and subsequent supplements to that memorandum stated that all DOD physicians are subject to the unrestricted licensure requirement, regardless of whether they provide direct patient care or hold purely administrative positions. *See* Compl. at 3–4; Mot. to Dis. ¶¶ 8–9.

After she learned that the Navy had delayed her promotion, Commander Lewis responded by arguing that the memorandum both misinterprets 10 U.S.C. § 1094 and does not apply to her situation because she does not provide direct patient care. *See* Compl. at 7–9. She received no response. *See id.* at 10. Although Commander Lewis is currently taking steps to secure an unrestricted license, she brings this case before the court, seeking an examination of the DOD's interpretation of 10 U.S.C. § 1094. *See id.* at 10–11.

The defendants now move to dismiss. For the reasons that follow, the court will grant the defendants' motion.

## III. ANALYSIS

### A. Legal Standard

In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g., Pitney Bowes v. United States Postal Serv.*, 27 F.Supp.2d 15, 19 (D.D.C.1998) (Urbina, J.). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *See District of Columbia Retirement Bd. v. United States*, 657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all uncontroverted, well-pleaded facts as true and attribute all reasonable inferences to the plaintiffs. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See, e.g., Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

Moreover, the court need not limit itself to the allegations of the complaint. *See*

*Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, "[t]he court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of Elections and Ethics,* 104 F.Supp.2d 18, 22 (D.D.C.2000) (citing *Herbert v. National Academy of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992)).

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. *See* FED. R. CIV. P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *See* FED. R. CIV. P. 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. District of Columbia,* 73 F.3d 418, 422 (D.C.Cir.1996). Moreover, the court should draw all reasonable inferences in the nonmovant's favor. *See Judicial Watch, Inc. v. Clinton,* 880 F.Supp. 1, 7 (D.D.C.1995).

### B. Ripeness

■ The APA governs judicial review of agency action. *See* 5 U.S.C. § 706(2); *Public Citizen v. Heckler,* 653 F.Supp. 1229, 1236 (D.D.C.1986). The APA authorizes a reviewing court to "compel agency action withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings and conclusions of law" that are, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706. A court has subject-matter jurisdiction to review agency action under the APA if the agency action is final. *See* 5 U.S.C. § 704 ("final agency action for which there is no other adequate remedy in a court [is] subject to judicial review").

In this case, the defendants argue that because the Navy has only delayed the plaintiff's promotion instead of removing her name from the promotion list, the plaintiff has failed to identify a specific, final agency action as required by the APA. *See* Mot. to Dis. at 9–10. The defendants contend that the Navy has complied with the 18–month delay procedures set forth in 10 U.S.C. § 624(d)(4). Although the plaintiff does not dispute that 10 U.S.C. § 624(d) lays out the applicable delay procedures, she counters that agency delay itself can be actionable under the APA. *See* Pl.'s Opp'n at 2.

Although unreasonable agency delay may be reviewable under the APA, *see Cobell v. Norton,* 240 F.3d 1081, 1096 (D.C.Cir.2001), the defendants' decision to delay the plaintiff's promotion is not reviewable because 10 U.S.C. § 624(d)(4) does not provide a standard that can guide a court's evaluation of agency action. The statute provides that:

An appointment of an officer may not be delayed under this subsection for more than six months after the date on which the officer would otherwise have been appointed unless the Secretary concerned specifies a further period of delay. An officer's appointment may not be delayed more than 90 days after final action has been taken in any criminal case against such officer in a Federal or State court, more than 90 days after

final action has been taken in any court-martial case against such officer, or more than 18 months after the date on which such officer would otherwise have been appointed, whichever is later.

10 U.S.C. § 624(d)(4).

In *Nation v. Dalton*, a Naval lieutenant brought an APA action challenging the Navy's decision to remove her name from a promotion list. *See* 107 F.Supp.2d 37 (D.D.C.2000). This court held that the Secretary's decision was not reviewable under the APA because the relevant statute committed to the Secretary's discretion the issue of an officer's removal from a promotion list. "A particular type of action is within the agency's unreviewable discretion if the statute authorizing it is 'drawn in such broad terms that in a given case there is no law to apply.'" *See id.* at 43 (citing *Kreis v. Secretary of the Air Force*, 866 F.2d 1508, 1513 (D.C.Cir.1989)); *see also Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). The court holds that the relevant statute in this case, 10 U.S.C. § 624(d)(4), is similarly non-reviewable because it lacks standards by which to determine whether the Secretary's decision was arbitrary and capricious.

Cases finding agency action reviewable under the APA rely on the presence of some standard emanating from the statutory language or overall statutory scheme to guide a court's evaluation of agency action. *See, e.g., Dickson v. Secretary of Defense*, 68 F.3d 1396, 1400–04 & n. 8 (D.C.Cir.1995) (Army Board's determination that waiver of limitations periods was not 'in the interest of justice' was reviewable; Board was not 'given unfettered and standardless discretion'); *Robbins v. Reagan*, 780 F.2d 37, 45 (D.C.Cir.1985) ("Even when there are no clear statutory guidelines, courts often are still able to discern from the statutory scheme a congressional

intention to pursue a general goal."). Thus, in *Nation*, the court held that a statute that qualified the Secretary's authorization to act by the phrase, "when he considers it necessary to correct an error or remove an injustice," would supply a standard by which to evaluate whether the Secretary's decision was arbitrary and capricious. *See Nation*, 107 F.Supp.2d at 44. The court finds no comparable standard in the language of 10 U.S.C. § 624(d)(4).

Furthermore, there is a strong policy reason for courts not to address the merits of a case that is not ripe. In this case, for example, the plaintiff may lose the battle but win the war. The defendants themselves acknowledge that, "[Commander Lewis's] promotion is her's [sic] to retain—all she need do is secure an unrestricted professional license to practice medicine and she will no doubt be elevated to the rank of Captain." *See* Mot. to Dis. at 10. Consequently, the court need not insinuate itself into a case until the parties have a justiciable dispute.

### C. Exhaustion

■ The defendants also move to dismiss for failure to exhaust administrative remedies. They maintain that the plaintiff must first resort to the Board for Correction of Naval Records ("BCNR") before applying for judicial review. *See* Mot. to Dis. at 14–15. The plaintiff counters that this concept is contrary to case law, and that she need not seek this kind of administrative remedy before petitioning this court. *See* Pl.'s Opp'n at 3. The court disagrees.

In *Dowds v. Bush*, 792 F.Supp. 1289 (D.D.C.1992), the court held that marine reserve officers who challenged the Secretary of the Navy's failure to promote them had failed to exhaust their administrative remedies by bringing their case before the BCNR. In that case, the court noted that where the damages suffered by delay are

not irreparable (i.e., the delay can be compensated by awarding back pay, seniority, etc.), courts have required pursuit of remedies within the military. *See id.* at 1291. Although a plaintiff who seeks relief from the military's decision not to discharge her need not exhaust her administrative remedies, a plaintiff who seeks relief from the military's failure to promote her must exhaust her administrative remedies. *See id.* at 1292 (citing *Hayes v. Secretary of Defense,* 515 F.2d 668 (D.C.Cir.1975)).

Moreover, the court has held that it is insufficient for the plaintiff to have pursued relief through the chain of military command only. "[W]hen exhaustion is required, it is not complete if relief has not been sought before the Board." *See Dowds,* 792 F.Supp. at 1293. Therefore, the plaintiff's argument that she has provided detailed responses to the Navy's notice of intent to delay is inadequate. The court concludes that the plaintiff has not exhausted her administrative remedies and, therefore, the court grants the defendants' motion to dismiss.

### D. Motion for Leave to File Surreply

 The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply. *Cf. Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.Cir.1998). The plaintiff in her motion for leave to file a surreply fails to address any new matters presented by the defendants' reply. The plaintiff contends that the defendants have mischaracterized her position by stating that she hopes to be "promoted by operation of law." *See* Mot. for Leave to File Surreply at 2. Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.

## IV. CONCLUSION

For all these reasons, the court will grant the defendants' motion to dismiss. An Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of August, 2001.

## *ORDER*

GRANTING THE DEFENDANTS'
MOTION TO DISMISS

For the reasons stated in the court's Memorandum Opinion issued separately and contemporaneously this 15th day of August, 2001, it is

**ORDERED** that the defendant's motion to dismiss is **GRANTED**.

**SO ORDERED.**