SHARP ELECTRONICS
CORPORATION,
Appellant,

v.

HAYMAN CASH REGISTER
COMPANY, et al.

No. 80–1610.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 9, 1981.
Decided May 4, 1981.

Peter A. Dankin, New York City, for appellant. Richard Linn, Washington, D. C., also entered an appearance for appellant.

Stephen L. Dreyfuss, New York City, with whom Bernard Hellring, Newark, N. J., was on the brief, for appellees.

Before McGOWAN, Chief Judge, and TAMM and WALD, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Plaintiff-appellant, Sharp Electronics Corp. (Sharp), filed an action in the District Court for the District of Columbia alleging violations of the Sherman Act by four defendants. Two of the defendants, Talco Cash Register Co. (Talco), a New Jersey corporation doing business in New Jersey, and its president, Hiram M. Tallmadge, Jr., a resident of New Jersey, moved to dismiss the complaint for, *inter alia,* improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 (1976). The district court found that "even a casual reading of the complaint in this action would indicate that the 'contacts weigh most heavily' in New Jersey," *Sharp Electronics Corp. v. Hayman Cash Register Co.,* No. 79–3268, Order at 1 (D.D.C., filed April 23, 1980), Joint Appendix at 150, and dismissed the action for improper venue as to all four defendants. Sharp appeals.

Sharp alleges that venue is proper in this district under 28 U.S.C. § 1391(b) (1976) and under sections 4 and 12 of the Clayton Act, 15 U.S.C. §§ 15, 22 (1976). The Clayton Act sections apply only to defendants Hayman Cash Register Company and Stanley Hayman, both "found" in the District of Columbia within the meaning of those sections. Thus, venue for the action as filed against all four defendants depends on the applicability of section 1391(b). Section 1391(b) provides in relevant part that a "civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district in which all defendants reside, or in which the claim arose . . . ." This provision has been widely interpreted as establishing venue "where the contacts weigh most heavily," *e. g., Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 291 F.Supp. 252, 260 (E.D.Pa.1968) (leading case). In this circuit, we have determined that where the claim arose should "be ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records." *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C.Cir.1978). In a footnote, we elaborated upon this proposition in terms relevant to this case:

> In some cases, testimony of nonparties and records or other evidence not in the parties' possession may be insignificant; in others, it may be most readily available in areas in which none of the principal events in issue in the suit occurred. In such situations, the forum court should not oppose the plaintiff's choice of venue if the activities that transpired in the forum district were not insubstantial in relation to the totality of events giving rise to the plaintiff's grievance and if the forum is generally convenient for all litigants. An additional, important consideration might be ensuring the existence of at least one forum wherein venue and personal jurisdiction requirements permit multiple-party litigation to proceed. See

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 n.8 [92 S.Ct. 1936, 1939 n.8, 32 L.Ed.2d 428] (1972)
. . . . .

*Id.* at 1134 n.62.

■ The facts underlying this lawsuit are complex. Sharp, a New Jersey corporation, filed this suit in the District of Columbia in December, 1979. Defendants Hayman Cash Register and Talco Cash Register had filed separate suits against Sharp for breach of contract in different New Jersey state courts in June and August 1979 respectively. Subsequently, in February of 1981, Hayman Cash Register and Talco Cash Register and the Independent Cash Register Dealer Association filed suit against Sharp and its parent company, Sharp Corporation, in federal district court in New Jersey. We agree with the district court's implicit finding that efficient conduct of Sharp's action would be enhanced by moving it to New Jersey, where most of the parties are located and related lawsuits are in progress.

This approach presumes, however, that the lawsuit is capable of being pursued in New Jersey; Sharp disputes the validity of this presumption. It argues, for example, that New Jersey may be found to be an inappropriate venue for Hayman Cash Register or Stanley Hayman, or that personal jurisdiction may be found lacking in New Jersey for one of these defendants. Moreover, it noted at oral argument that a year of the damages it seeks will be lost for statute of limitation reasons if the dismissal of the complaint by the district court is upheld and the plaintiff files anew in New Jersey.

We believe that these contentions merit consideration. Under the circumstances of this case, we believe that it would have been appropriate for the district court to consider transfer under 28 U.S.C. § 1406(a). This section provides that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

We are aware that such a transfer would require the district court to decide as a preliminary matter that venue and jurisdiction would be proper as to all defendants in the district of New Jersey. *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) (interpreting nearly parallel language of 28 U.S.C. § 1404(a)); 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3827 (1976). We therefore direct the district court to make a determination of these matters. We also note that the language of the Order filed April 23, 1980 suggests that the district court is already of the opinion that venue would be proper in New Jersey.

Should the district court conclude that it is unable to transfer the action, we believe that it should reevaluate its dismissal of the action on the "additional, important" ground of "ensuring the existence of at least one forum wherein venue and personal jurisdiction requirements permit multiple-party litigation to proceed." *Lamont v. Haig*, 590 F.2d at 1134 n.62. If the court remains convinced that venue does not lie in this district, the appropriate course of action would appear to be severance of the action, allowing plaintiff to proceed against the local defendants in this district, and transferring the case as to the New Jersey defendants under section 1406(a). *See Rains v. Cascade Indus., Inc.*, 258 F.Supp. 974 (S.D.N.Y.1965); *United Nations Korean Reconstruction Agency v. Glass Production Methods, Inc.*, 143 F.Supp. 248 (S.D.N.Y. 1956).

The judgment of the district court is vacated and the case remanded for proceedings consistent with this opinion.