Leroy C. JOHNSON, Plaintiff,

v.

WASHINGTON GAS LIGHT
COMPANY, Defendant.

No. Civ.A. 99–1924(JR).

United States District Court,
District of Columbia.

March 17, 2000.

John F. Mercer, Artabane & Belden, P.C., Washington, DC, for plaintiff.

L. Edward Funk, Washington, DC, for defendant.

## *MEMORANDUM ORDER*

ROBERTSON, District Judge.

Defendant Washington Gas Light Company ("Washington Gas") moves to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, for transfer pursuant to 28 U.S.C. § 1406(a). For the reasons set forth below, the motion will be **denied in both of its parts.**

## BACKGROUND

Plaintiff Leroy C. Johnson brings federal and state age discrimination claims, federal and state race discrimination claims, federal race and age retaliation claims, and actions for breach of contract and intentional infliction of emotional distress. He is a resident of Maryland. Defendant Washington Gas is a District of Columbia corporation with operations in the Washington Metropolitan area. Plaintiff was hired in 1973 to work in defendant's Springfield, Virginia, janitorial service department. Over the next five years, he was moved to the position of meter loader at the Springfield station, to the position of assistant serviceman at defendant's Southeast station (in Forestville, Maryland), and then to the position of serviceman at the Chillum, Maryland, station.

Between 1980 and 1997, plaintiff applied unsuccessfully for four positions. In 1980, he applied to be section leader. He alleges that he was "fully qualified" for the position; that he was not granted an interview; and that "the position was given to a less qualified white male employee with less tenure in service and less experience." Verified Complaint at 2–3, ¶ 5.

In 1993, after having served six years as special serviceman, plaintiff applied to be contractor services foreman. He alleges that he was scheduled for an interview; that, when he arrived, he was told that a scheduling error had been made and his interview had been canceled; that no other interview was ever rescheduled for him; and that the position was ultimately given to someone whom plaintiff describes as "a less qualified white male candidate." *Id.* at 3.[1]

Plaintiff transferred to the East station in Washington, D.C., in 1997. There he applied for one of six contractor services/training coordinator specialist positions. He alleges that he was offered one of the positions on February 4, 1997; that he was informed a week later that the offer had been rescinded, apparently because a written reprimand had been placed in his personnel file; that he was later informed that he had not been selected for one of the specialist positions; and that five of the six positions went to "white males all of whom had less service tenure and were less qualified than Johnson." Verified Complaint at 5, ¶ 15.

Also in 1997, plaintiff applied for a specialist-training position and an appliance service construction operations section leader position. He alleges that he has not yet received a response concerning the status of either application.

Plaintiff maintains that he has consistently "performed all of the assigned tasks in a competent, satisfactory or superior manner," *id.* at 6, but that he and other African–American employees "ha[ve] been held to a higher standard of performance than white male employees similarly situated," and have been promoted "less frequently than white male employees," *id.* at 6–7.

## ANALYSIS

Under Title VII, venue may be laid only (i) where "the unlawful employment practice is alleged to have been committed"; (ii) where "the employment records relevant to such practice are maintained and administered"; or (iii) where "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3) (1998).[2]

Neither of the first two statutory bases for venue works for plaintiff. The selection decisions for each position were made at defendant's Springfield Operations Center (SOC) in Springfield, VA, *see* Affidavit of Robert A. Sykes at 2–3,[3] and plaintiff's personnel file is maintained at the Human Resources Department ("HRD") in Springfield, VA.[4]

1. Plaintiff apparently does not seek relief for his non-selection for this position, but includes it only to support his allegation that there was a pattern of racial discrimination directed at him and other black employees.

2. The statute also provides for venue in any judicial district in which a defendant has its principal office, but this plaintiff may not avail himself of that provision because defendant is found within one of the districts referred to in the three foregoing provisions. *See* 42 U.S.C. § 2000e–5(f)(3) (1998); Title VII discussion *infra.*

3. Plaintiff contends that he was assigned to one of defendant's District of Columbia loca-

tions in 1995 where "[t]he discriminatory activities, retaliation, and reprisal which the Plaintiff has complained, have taken place and continue to take place," but the inquiry for this venue provision turns on where the allegedly discriminatory decision was made, *see Milburn v. Stone*, 1991 WL 7660, *1 (D.D.C.); *Hayes v. RCA Service Co.*, 546 F.Supp. 661, 663 (D.D.C.1982). The selections for the positions that plaintiff sought were made at the SOC in Springfield, VA.

4. Plaintiff contends that venue should properly lie in this District because defendant keeps some personnel records, including those relating to the acts complained of by plaintiff, at

The third statutory basis for venue is a close call. Defendant avers that none of the selectees for the positions sought by plaintiff was assigned to an office in the District of Columbia (all but one were assigned to the SOC in Virginia, and one was assigned to a Maryland location) and that none has worked in a District of Columbia office since being selected. *See* Supplemental Affidavit of Robert A. Sykes at 2, ¶ 5. Plaintiff concedes that he does not know where he would have worked in the absence of the alleged discrimination but asserts that the nature of the positions he sought is consistent with assignment to any of a number of defendant's offices in the Washington Metropolitan Area.

There appears to be little case law on the question of where the burden of persuasion lies when a plaintiff's choice of venue is challenged. Courts in the Fourth Circuit have assigned the burden to the plaintiff, *see Cole v. Appalachian Power Co.*, 1995 WL 463711, *3 (S.D.W.Va.) (citing *Magic Toyota v. Southeast Toyota Distribs.*, 784 F.Supp. 306 (D.S.C.1992); *Bartholomew v. Virginia Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir.1979)). In this case, the plaintiff has not proven that he would have worked in the District of Columbia, but neither has defendant disputed plaintiff's assertion that in his more than 25 years of employment with Washington Gas, he has been transferred, reassigned, and rotated to various employment sites on the basis of the changing needs of defendant's various offices. I believe the record establishes that it is *likely* that, had plaintiff received one of the positions he sought, he would have been assigned to work in the District of Columbia at some point. I conclude, accordingly, that plaintiff has met his burden of showing that venue is properly laid in this District.

two Washington, D.C. locations, but this provision requires venue to be founded on where the employment records are *maintained and*

*Age Discrimination in Employment Act*

An action under the Age Discrimination in Employment Act may be brought in a judicial district where "any defendant resides" or where "a substantial part of the events ... giving rise to the claim occurred." 28 U.S.C. § 1391(b) (1998). Because defendant is incorporated in both the District of Columbia and Virginia, plaintiff's ADEA claims are properly brought in this District.

*State Law Claims*

The doctrine of pendent venue permits plaintiff to bring his state claims in the court where venue lies for his principal cause of action. *Washington v. General Electric Corp.*, 686 F.Supp. 361, 362 (D.D.C.1988); *Hayes v. RCA Service Co.*, 546 F.Supp. 661, 664 (D.D.C.1982). The question of whether plaintiff's Title VII claim or his ADEA claim is the principal cause of action need not be resolved, as venue for both actions is properly laid here.

**ORDERED** that defendant's motion to dismiss [# 3–1] is **denied.** It is

**FURTHER ORDERED** that defendant's motion to transfer for improper venue [# 3–2] is **denied.** And it is

**FURTHER ORDERED** that defendant's motion to extend time to answer plaintiff's complaint is **granted.**

*administered. See, e.g., Washington v. General Electric Corp.*, 686 F.Supp. 361, 363 (D.D.C. 1988).