James DAVIS, Plaintiff,

v.

AMERICAN SOCIETY OF CIVIL ENGINEERS et al., Defendants.

Civ.A. No. 03–0908(RMU).

United States District Court, District of Columbia.

Nov. 4, 2003.

---

118

Barry Coburn, Coburn & Schertler, Lisa A. Fishberg, Coburn & Schertler, L.L.P., Washington, DC, for Plaintiff.

Thomas L. McCally, Carr Maloney, P.C., Washington, DC, for Defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY AND TRANSFERRING THE ACTION TO THE EASTERN DISTRICT OF VIRGINIA

### I. INTRODUCTION

After more than 13 years of employment with defendant American Society of Civil Engineers ("ASCE"), the plaintiff lost his job. Contending that various ASCE officers ("individual defendants"), motivated by "racial animus," strategically interfered with his employment contract and secured his termination, the plaintiff brings federal discrimination claims along with various non-federal claims. In response, the defendants filed a motion to dismiss or to transfer venue, asserting, *inter alia,* that venue is improper in this district under 28 U.S.C. § 1391(b) and that the court therefore should transfer the matter to the Eastern District of Virginia. After the parties completed briefing on the question of venue, the plaintiff sought leave to file a sur-reply. While the defendants' reply contains a new argument, the court denies the plaintiff's motion because that new argument does not affect the court's resolution of the defendants' venue motion. With respect to venue, the plaintiff fails to establish the necessary nexus between this district and the facts giving rise to his claims. Because venue indeed is improper in this district with respect to the plaintiff's federal claims, the court transfers those claims to the Eastern District of Virginia with the pendent non-federal claims in tow.

### II. BACKGROUND

#### A. Factual Background

Defendant ASCE is a non-profit New York corporation with its headquarters and principal place of business in Reston,

Virginia and offices in New York City and Washington, D.C. Pl.'s Am. Compl. ("Compl.") ¶ 3; Defs.' Mot. at 1 & Ex. A (Natale Aff.). In March 1989, the plaintiff, an African American male, began working for defendant ASCE as its Assistant Executive Director and Chief Operating Officer. Compl. ¶ 9. In 1994, the plaintiff achieved the position of Executive Director and Chief Executive Officer ("CEO"). *Id.* ¶ 10. Defendant ASCE's corporate structure includes a "Board of Direction" ("the Board"), to which the CEO reports, and an Executive Committee ("the Committee") that exercises the Board's delegated authority. *Id.* ¶ 8.

The plaintiff's written employment contract provided him an initial term as CEO that would automatically renew for one-year terms subject to annual review by the Board. *Id.* ¶ 11. In 1996, the Committee unanimously extended the plaintiff's employment for two years, through October 31, 1998. *Id.* ¶ 12. In July 1997, the Committee again extended his employment, this time until October 31, 2000, and modified his contract to provide for automatic renewals every two years. *Id.* ¶ 13. On November 1, 1999, absent notice of non-renewal, the plaintiff's contract automatically extended through October 31, 2002. *Id.* ¶ 14.

The plaintiff alleges that beginning in 1999, "racial animus" motivated the three individual defendants and other ASCE officers to orchestrate the plaintiff's termination. *Id.* ¶ 19. The plaintiff claims that the individual defendants made false public statements about the plaintiff. *Id.* ¶ 25. On April 27, 2000 in Reston, Virginia, this alleged "defamatory campaign" materialized in a Committee vote by the individual defendants not to renew the plaintiff's contract. *Id.* ¶¶ 34–39, 49; Defs.' Mot. at 8. After the vote, one of the individual defendants attempted to deliver a termination notice to the plaintiff at an international conference in Edinburgh, Scotland. Compl. ¶¶ 58–59. After the plaintiff refused to accept the letter, it was later sent to him at defendant ASCE's headquarters in Reston. *Id.* ¶ 59.

In October 2000, the Board met in Seattle, Washington to consider the Committee's decision against renewal of the plaintiff's contract. *Id.* ¶ 60. At this meeting, the Board voted 15 to 10 in support of the Committee's non-renewal of the plaintiff's contract. *Id.* ¶ 72. In February 2002, while at defendant ASCE's Washington, D.C. office, one of the individual defendants presented the plaintiff with a severance offer requiring him to forego any claims against defendant ASCE. *Id.* ¶ 82. The plaintiff refused the offer. *Id.* Later that fall in Washington, D.C., allegedly without notice, defendant ASCE declined to provide the plaintiff with severance and other alleged contractually-guaranteed benefits. *Id.* In October 2002, defendant ASCE officially terminated the plaintiff at a meeting in Houston, Texas. *Id.* ¶ 83.

### B. Procedural Background

On May 6, 2003, the plaintiff filed his original complaint. On June 9, 2003, the plaintiff filed an amended complaint asserting federal discrimination and civil-rights claims under 42 U.S.C. §§ 1981 and 1985(3) against all the defendants, a non-federal breach-of-contract claim against defendant ASCE, and non-federal claims of tortious interference with business and contractual relations against certain individual defendants. *Id.* at 23–29.

On June 30, 2003, the defendants filed a motion to dismiss or, in the alternative, to transfer venue. They argue, *inter alia,* that venue is improper in this district under 28 U.S.C. § 1391(b) and that the court therefore should transfer the action to the Eastern District of Virginia. *See generally* Defs.' Mot. On July 28, 2003, after the

plaintiff filed his opposition and the defendants filed their reply, the plaintiff sought leave to file a sur-reply. *See generally* Pl.'s Mot. The court now addresses these motions.

### III. ANALYSIS

### A. Legal Standards

#### 1. Leave to File a Sur-reply

The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court. *Am. Forest & Paper Ass'n, Inc. v. Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. Sept. 4, 1996). If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply. *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C.Cir.2003); *Natural Res. Def. Council, Inc. v. Envtl. Prot. Agency*, 25 F.3d 1063, 1072 n. 4 (D.C.Cir.1994); *Pa. Elec. Co. v. Fed. Energy Regulatory Comm'n*, 11 F.3d 207, 209 (D.C.Cir.1993); *see also Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 195 (D.C.Cir.1992) (acknowledging that consideration of arguments raised for the first time in a reply would be "manifestly unfair" to the respondent); *Corson & Gruman Co. v. Nat'l Labor Relations Bd.*, 899 F.2d 47, 50 n. 4 (D.C.Cir.1990) (requiring parties to raise all of their arguments in their opening briefs "to prevent sandbagging"); *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 113 (D.D.C.2002) (denying leave to file a sur-reply where the proposed sur-reply merely reiterated prior arguments); *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001) (denying leave to file a sur-reply where the plaintiff failed to demonstrate that the defendant's reply presented any new matters).

#### 2. Venue Pursuant to 28 U.S.C. § 1391(b)

When federal jurisdiction is premised on a federal question, 28 U.S.C. § 1391(b) controls venue, establishing three places where venue is proper:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

If the district in which the action is brought does not meet the requirements of section 1391(b), that district court may either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether dismissal or transfer is "in the interest of justice" rests in the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C.Cir.1983). The interest of justice, however, generally requires transferring such cases to the appropriate judicial district rather than dismissing them. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *James v. Booz–Allen*, 227 F.Supp.2d 16, 20 (D.D.C.2002).

To transfer the action, the court must ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum. *Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C.Cir.1981) (*per curiam*); *Crisler*

*v. Schmeltzer,* 1990 WL 113887, at *2 (D.D.C. July 24, 1990) (Green, J.). The D.C. Circuit favors transfer under section 1406(a) "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst,* 711 F.2d 291, 293–94 (D.C.Cir. 1983).

■ Although the D.C. Circuit has not identified the party who bears the burden in a challenge to venue, the majority of courts appear to place the burden on the plaintiff. 5A FED. PRAC. & PROC.2d § 1352 (noting that placing the burden on the plaintiff is consistent with the "plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue"); *see also Bartholomew v. Va. Chiropractors Ass'n,* 612 F.2d 812, 816 (4th Cir.1979) (placing the burden on the plaintiff to establish proper venue); *Abramoff v. Shake Consulting, L.L.C.,* 288 F.Supp.2d 1, 2, 2003 WL 22309511, at *1, 2003 U.S. Dist. LEXIS 17864, at *6 (D.D.C. Aug. 5, 2003) (citing *Johnson v. Wash. Gas Light Co.,* 89 F.Supp.2d 45, 47 (D.D.C.2000) (Robertson, J.)); *Psarros v. Avior Shipping, Inc.,* 192 F.Supp.2d 751, 753 (S.D.Tex.2002); *Centerville ALF, Inc. v. Balanced Care Corp.,* 197 F.Supp.2d 1039, 1046 (S.D.Ohio 2002) (explaining that the plaintiff bears the burden of proving venue for each claim asserted in the complaint); *Audi AG v. Izumi,* 204 F.Supp.2d 1014, 1017 (E.D.Mich.2002); *Moore v. AT & T Latin Am. Corp.,* 177 F.Supp.2d 785, 788 (N.D.Ill.2001); *Indymac Mortgage Holdings, Inc. v. Reyad,* 167 F.Supp.2d 222, 237 (D.Conn.2001). At the same time, the court must accept all of the plaintiff's well-pled, unchallenged factual allegations as true, and must resolve factual discrepancies in favor of the plaintiff. *Gross v. Winter,* 876 F.2d 165, 166 (D.C.Cir.1989);

*Hoover Group, Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1410 (Fed.Cir.1996); *see also Dody v. Brown,* 659 F.Supp. 541, 544 n. 2 (W.D.Mo.1987) (determining that the plaintiff's factual assertions were sufficient to establish proper venue despite direct contradiction by the defendant).

### B. The Court Denies the Plaintiff's Motion for Leave to File a Sur-reply

■ As a preliminary matter, the court must resolve the plaintiff's request for leave to file a sur-reply. As noted, the court has discretion to grant a non-movant leave to file a sur-reply in response to matters raised for the first time in the movant's reply. *Ben–Kotel,* 319 F.3d at 536. Here, the plaintiff claims that the defendants' reply includes depositions that disclaim any activities taking place in the District of Columbia. Pl.'s Mot. at 2. Second, the plaintiff believes that the defendants raise the new argument that defendant ASCE's Washington, D.C. office would have been unsuitable for discussing the plaintiff's termination. *Id.* at 3. Third, the plaintiff contends that the defendants for the first time characterize severance-related matters as irrelevant to the plaintiff's claims. *Id.*

The plaintiff's first two grounds lack merit because the defendants' motion and its accompanying affidavits explicitly include these alleged new matters. Pl.'s Mot. at 2–3; Defs.' Mot. at 3, 4, 8; Exs. A ¶¶ 11, 14–17, B (Smith Aff.) ¶ 4, D (Turner Aff.) ¶¶ 11, 14–17, E (Schwartz Aff.) ¶¶ 12–15, F (Bein Aff.) ¶ 14. As a result, the plaintiff has had a fair opportunity to respond to those arguments, and a sur-reply is therefore unwarranted on these grounds. *Ben–Kotel,* 319 F.3d at 536; *Natural Res. Def. Council, Inc.,* 25 F.3d at 1072 n. 4; *Pa. Elec. Co.,* 11 F.3d at 209.

As for the plaintiff's final contention, the plaintiff correctly notes that the defendants have not previously characterized severance-related matters as irrelevant to the plaintiff's claims. Pl.'s Mot. at 4; Defs.' Reply at 7; *see generally* Defs.' Mot. Nevertheless, rather than allow the ·plaintiff an opportunity to address this issue in a sur-reply, the court instead opts to disregard the defendants' new argument because it does not affect the court's resolution of the defendants' venue motion. *Ben–Kotel,* 319 F.3d at 536.

Further supporting the court's decision is the fact that the plaintiff's proposed sur-reply does not provide any useful information that is not already part of the record. *Robinson,* 211 F.Supp.2d at 113. Indeed, the plaintiff's proposed sur-reply merely restates the facts and arguments presented in the plaintiff's declaration, the amended complaint, and the opposition to the defendants' motion. *See generally* Pl.'s Proposed Sur-reply; Compl.; Davis Decl.; Pl.'s Opp'n. Thus, the court is further convinced that it need not resort to the proposed sur-reply to resolve the defendants' motion. *Robinson,* 211 F.Supp.2d at 113; *ValuJet Airlines, Inc. v. Trans World Airlines, Inc.,* 1996 WL 557851, at *2, 1996 U.S. Dist. LEXIS 13814, at *6 (N.D.Ga. July 12, 1996) (denying leave to file a sur-reply where the court was satisfied that facts and issues pertinent to the motions at hand were fully and adequately presented); *see also Ben–Kotel,* 319 F.3d at 536; *Natural Res. Def. Council, Inc.,* 25 F.3d at 1072 n. 4; *Pa. Elec. Co.,* 11 F.3d at 209; *Lewis,* 154 F.Supp.2d at 61. Accordingly, the court denies the plaintiff's motion.

## C. The Court Transfers the Action to the Eastern District of Virginia

As noted, the plaintiff presents a mixed bag of claims and, in light of the defendants' venue challenge, the court must decide whether to transfer or dismiss the claims.

### 1. The Plaintiff's Federal Claims

■ For the plaintiff's federal discrimination claims brought under 42 U.S.C. §§ 1981 and 1985(3), the plaintiff offers no factual allegations to support his choice of forum. The plaintiff asserts that he worked in each of defendant ASCE's three offices and that he "was more likely to be working in D.C., N.Y. or elsewhere than [he] was to be in Reston" during the relevant period, spending one or more days a week in Washington, D.C. Pl.'s Opp'n at 2; Davis Decl. ¶ 11. The plaintiff also claims that each of the individual defendants served as the president of defendant ASCE during the relevant period, and that Washington, D.C. is the center of most of the president's duties. Davis Decl. ¶¶ 15, 17. Finally, the plaintiff contends that the individual defendants probably made most of the arrangements to terminate the plaintiff privately and via telephone from Washington, D.C. *Id.* ¶ 18. Assuming these allegations are true, however, the court determines that the plaintiff still fails to specify any events in this venue giving rise to his discrimination claims. *See generally* Compl.; Pl.'s Opp'n. Moreover, the court will not accept mere speculation of such occurrences as sufficient to establish venue pursuant to section 1391(b). *Captain v. Northrop Grumman Corp.,* 273 F.Supp.2d 101, 104 (D.D.C.2003) (Collyer, J.) (determining that speculative facts are too far removed to establish that a substantial part of events or omissions giving rise to a claim occurred in the District of Columbia); *Blansett v. Cont'l Airlines, Inc.,* 203 F.Supp.2d 736, 742 (S.D.Tex. 2002) (reasoning that speculations do not impress the "venue equation"); *McNelis v. Boeing Co.,* 1998 WL 887249, at *1 (S.D.N.Y. Dec.18, 1998) (noting that "speculation ... cannot be focused in any mean-

ingful way to resolve any venue [ ] issue"); *see also Blazy v. Woolsey,* 1994 WL 90341, at *1 n. 1 (D.D.C. Mar. 8, 1994) (Harris, J.) (stating that the "[p]laintiff's speculation that he 'might' have worked ... in the District of Columbia ... is insufficient to create venue" under Title VII).

Cutting to the chase, the court recognizes that only one of the many potential events giving rise to this action—the denial of the plaintiff's severance benefits—occurred in the District of Columbia. Davis Decl. ¶ 19. In truth, the record shows that most if not all of the significant events relating to the action occurred across the country and outside this district. *Id.* ¶¶ 13–14, 18; Compl. ¶¶ 59–60, 72, 81. Specifically, the Committee and the Board made decisions regarding the plaintiff's termination at meetings that took place in Reston, Virginia; Seattle, Washington; Houston, Texas; and Wilmington, Delaware. Davis Decl. ¶ 14. Finally, the plaintiff received actual notice of his termination at defendant ASCE's headquarters in Reston. Compl. ¶ 59. Thus, the court would have to conclude that the plaintiff's federal claims did not arise in this district. *Rosenfeld v. S.F.C. Corp.,* 702 F.2d 282, 284 (1st Cir.1983) (applying both the "significant contacts" test and the "place of injury" test to determine proper venue); *Naartex Consulting Corp.,* 722 F.2d at 789 (quoting *Lamont v. Haig,* 590 F.2d 1124, 1135 (D.C.Cir.1978)). In other words, the specter of the plaintiff's federal claims haunts defendant ASCE's headquarters in Reston—a town that rests squarely in the Eastern District of Virginia—more than any other locale. Compl. ¶ 3; Davis Decl. ¶¶ 13–14, 18; Defs.' Mot. at 8–9 & Exs. A, B, D, F. Indeed, aside from the plaintiff receiving his termination notice at the Reston headquarters, at least one of the meetings at which the Committee discussed the plaintiff's termination occurred in Reston while none occurred in the District of Columbia. Compl. ¶¶ 34–39, 49. In addition, all of the individual parties worked at the Reston site. *Id.* ¶ 59; Davis Decl. ¶¶ 11, 15, 17. Accordingly, the court concludes that the Eastern District of Virginia is the proper venue for the plaintiff's federal discrimination claims. 28 U.S.C. § 1391(b); *Naartex,* 722 F.2d at 789.

## 2. The Plaintiff's Non–Federal Claims

■■■ The plaintiff's non-federal breach-of-contract and tort claims against individual defendants are before this court as pendent claims and the court, consequently, need not address the question of venue for those claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Bouchet v. Nat'l Urban League, Inc.,* 730 F.2d 799, 805 (D.C.Cir.1984); *Tuck v. Pro Football, Inc.,* 1990 WL 102792, at *1, 1990 U.S. Dist. LEXIS 8790, at *4 (D.D.C. July 10, 1990) (Hogan, J.) (leaving the decision of entertaining pendent claims to the discretion of the transferee judge). "When a federal court has an independent basis for exercising federal jurisdiction, it may, in certain circumstances, also exercise [pendent] jurisdiction over related claims under state law." *Women Prisoners of the Dist. of Columbia Dep't of Corr. v. District of Columbia,* 93 F.3d 910, 920 (D.C.Cir. 1996). If the federal claim drops out, the district court has discretion to retain or dismiss the pendent claims. *LaShawn v. Barry,* 87 F.3d 1389, 1397 (D.C.Cir.1996). Because venue for the federal claims is improper in this district, however, the court commits the decision of whether to entertain the pendent claims to the sound discretion of its sister court in the Eastern District of Virginia. *United Mine Workers,* 383 U.S. at 725–26, 86 S.Ct. 1130; *Bouchet,* 730 F.2d at 805; *Tuck,* 1990 WL 102792, at *1, 1990 U.S. Dist. LEXIS 8790, at *4.

### 3. The Interest of Justice Favors Transfer

Having determined that venue is improper in this district, the court must ask whether the interest of justice requires dismissal or transfer of the claims. *Naartex Consulting Corp.*, 722 F.2d at 789. Exercising its discretion, the court concludes that the most sensible and just solution is to transfer the case to the proposed transferee district rather than dismiss the action. *Goldlawr, Inc.*, 369 U.S. at 466–67, 82 S.Ct. 913.

One final point merits attention. Before it can transfer the matter, the court must determine whether the defendants are subject to personal jurisdiction in the proposed transferee forum. *Sharp Elecs. Corp.*, 655 F.2d at 1230. Given the fact that defendant ASCE houses its headquarters in Reston and that the individual defendants as agents of ASCE conducted business there, it appears that the proposed transferee forum has personal jurisdiction over all the defendants. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (stating that a court has personal jurisdiction over corporate defendants who purposefully avail themselves of the privileges of conducting business in the forum state, creating a substantial connection with the forum); *Verizon Online Servs., Inc. v. Ralsky*, 203 F.Supp.2d 601, 609–10 (E.D.Va.2002) (determining that the Virginia long-arm statute extends personal jurisdiction over any individual who solicits business, engages in any other persistent course of conduct, or derives substantial revenue in Virginia). Accordingly, in the interest of justice, the court transfers this case in its entirety to the Eastern District of Virginia.

### IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for leave to file a sur-reply and transfers this action to the Eastern District of Virginia. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this *4th* day of November 2003.