NATIONAL AIR TRAFFIC CON-
TROLLERS ASSOCIATION,
et al., Plaintiffs,

v.

DENTAL PLANS, INC.,
et al., Defendants.

No. Civ. 04–20(RJL).

United States District Court,
District of Columbia.

March 14, 2005.

Marc Alan Tenenbaum, Slevin & Hart,
P.C., Washington, DC, for Plaintiffs.

Steven William Hardy, Friend, Hudak &
Harris, LLP, Atlanta, GA, Anitra Denise
Goodman, Teresita J. Ferrera, The Law
Office of Tess J. Ferrera, LLC, Washing-
ton, DC, Scott Anthony Thomas, Tydings

& Rosenberg LLP, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

LEON, District Judge.

In the present action, the plaintiffs, National Air Traffic Controllers Association ("NATCA") and four individual members of NATCA, have sued the defendants to recover the value of benefits promised pursuant to a dental expense reimbursement plan ("Plan") established by the defendants for members of NATCA. Compl. ¶¶ 4–8, 28. Defendants Dental Plans, Inc., Deborah Davenport, and Michael Davenport (collectively "DPI defendants") have moved, with the consent of the other defendants to the action,[1] to dismiss or transfer the case for improper venue to the United States District Court for the Northern District of Georgia. Plaintiffs oppose DPI defendants' motion on grounds that venue is proper in the District of Columbia under 29 U.S.C. § 1132(e)(2), the venue provision applicable in cases brought under the Employee Retirement Income Security Act ("ERISA") of 1974. For the following reasons, the Court GRANTS defendants' motion to transfer the action.

■ To prevail on a motion to dismiss for improper venue, the defendant must present facts that defeat the plaintiff's assertion of venue. *Flynn v. Veazey Constr. Corp.*, 310 F.Supp.2d 186, 190 (D.D.C. 2004). Although the D.C. Circuit has not identified the party who bears the burden in a challenge to venue, most courts place the burden on the plaintiff. *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F.Supp.2d 116, 121 (D.D.C.2003) (citing 5A FED. PRAC. & PROC. 2d § 1352).

The defendants in this case have based their motion to transfer exclusively on § 1132(e)(2) of the ERISA statute. *See* Def.'s Memorandum in Support of Motion to Dismiss or Transfer for Improper Venue ("Def.'s Mot."), at 1. However, this does not preclude the Court from also considering, *sua sponte*, the factors set forth in 28 U.S.C. § 1404(a). *Kirby v. Mercury Savs. and Loan Assoc.*, 755 F.Supp. 445, 448 (D.D.C.1990) (citing *Starnes v. McGuire*, 512 F.2d 918 (D.C.Cir.1974)); *Monsanto Co. v. United Gas Pipe Line, Co.*, 360 F.Supp. 1054, 1056 (D.D.C.1973) ("[T]he Court may initiate consideration of the convenience factors under [§ 1404(a)].").

■■ When a plaintiff commences an action in a proper venue, § 1404(a) authorizes the court to transfer the action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]"[2] When making its determination,

---

1. The other defendants include the American Association of Orthodontists ("AAO"), AAO Services, Inc., and several individual defendants who served as officers or board members of AAO (collectively the "AAO defendants"). The AAO and AAO Services, Inc.'s principal offices are located in St. Louis, Missouri. Compl. ¶¶ 13–15.

2. As a threshold matter, the Court finds that venue is not improper in the District of Columbia because, at a minimum, the defendants can be "found" in this district within the meaning of the venue provision applicable in ERISA actions. *See* 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, **or where a defendant resides or may be found** ....") (emphasis added). National Air Traffic Controllers Association ("NATCA") is headquartered in the District of Columbia. Declaration of Lewis Zietz ("Zietz Decl."), ¶ 4. The record reflects that Deborah and Michael Davenport, principals of Dental Plans, Inc., attended at least two meetings where they discussed marketing the dental expense reimbursement program with Lewis Zeitz, a NATCA representative. Declaration

the Court may consider the following factors:

[t]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and transferor courts; and other practical aspect [sic] of expeditiously and conveniently conducting a trial.

*Chung v. Chrysler Corp.*, 903 F.Supp. 160, 163–64 (D.D.C.1995) (quoting *Armco Steel Co., L.P. v. CSX Corp.*, 790 F.Supp. 311, 323 (D.D.C.1991)).

■ After applying the foregoing considerations to the instant set of facts, the Court concludes that the action should be transferred to the Northern District of Georgia. There is no question that the plaintiffs could have originally filed this action in the Northern District of Georgia. *See* 28 U.S.C. § 1391(b). The convenience of the parties and witnesses, and the interest of justice weigh in favor of transferring the action as well. NATCA is the only plaintiff to this action from the District of Columbia and only joins in two of the nine counts raised in the complaint. *See*

Compl. ¶¶ 4–8, 50–91. The remaining plaintiffs are individuals from Massachusetts, New Hampshire, Minnesota, and Michigan. *See id.* ¶¶ 5–7. The DPI defendants reside in Georgia and the AAO defendants reside in Missouri. *See id.* ¶¶ 9–15. In addition, plaintiffs do not dispute that the Plan was "administered" by the Davenports and the Dental Plans, Inc. in Georgia. *Id.* ¶ 12. Administration of the Plan allegedly included controlling the Plans assets and processing the benefit claims. Compl. ¶¶ 44–45; Zietz Decl. ¶ 14.

Although the Court affords some deference to the plaintiffs' choice of forum, *Schmidt v. American Institute of Physics*, 322 F.Supp.2d 28, 33 (D.D.C.2004), such deference would be misplaced under these circumstances because the District of Columbia lacks sufficient ties to the parties, facts and claims in the controversy, *see Kafack v. Primerica Life Ins. Co.*, 934 F.Supp. 3, 6–7 (D.D.C.1996) (finding no meaningful ties to the District of Columbia where "the material events that constitute the factual predicate for the plaintiff's claims" occurred in Maryland). Accordingly, the Court DENIES in part and GRANTS in part DPI defendants' motion to dismiss or transfer the action to the Northern District of Georgia. An order

---

of Deborah N. Davenport ("Davenport Decl."), ¶ 8. Although the parties dispute whether any of these meetings occurred in the District of Columbia, the Court nonetheless finds that DPI defendants can be "found" in this district. *See I.A.M. Nat'l Pension Fund, Benefit Plan v. Wakefield Indus., Inc.*, 699 F.2d 1254, 1257 (D.C.Cir.1983) (applying the current due process test for *in personam* jurisdiction of a corporation to determine the meaning of "found" as a venue requirement). DPI defendants negotiated directly with NATCA to market the dental reimbursement plan to NATCA's members. Davenport Decl. ¶¶ 8–9. DPI defendants' connection to the District of Columbia did not cease after NATCA endorsed the Plan. After NATCA endorsed the Plan, DPI defendants marketed products to

NATCA members with the help of membership lists maintained at NATCA headquarters. Zietz Decl. ¶ 5. In addition, the "natcadental.com" website, used to publicize the Plan to NATCA members, stated that the Plan is marketed by DPI, Inc. Exhibit 2 to the Zietz Decl. In light of these contacts with NATCA, it cannot be said that DPI defendants could not have anticipated being sued in this judicial district. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (noting that personal jurisdiction may exist even if a defendant does not physically enter the forum state if the defendant "purposefully availed itself of the privilege of conducting business in the forum state" such that it "should reasonably anticipate being haled into court there").

directing the parties in a manner consistent with this opinion is separately and contemporaneously issued herewith.